**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION**

LA DOVE, INC., a Florida corporation, )
)
    Plaintiff, )
)
v. )
)
TIGI LINEA, INC., a Texas corporation; TONI & )
GUY U.S.A., Inc., a Texas corporation; TONI & )
GUY (USA) LIMITED, a U.K. corporation;) )
MASCOLO BROTHERS LIMITED, a U.K. )
corporation; MASCOLO PLC, a U.K. corporation;) )
TIGI INTERNATIONAL LIMITED, a U.K. )
Corporation; BRUNO MASCOLO; GAETANO )
MASCOLO; GIUSEPPI MASCOLO; ANTHONY) )
MASCOLO; KYARA MASCOLO; JAMES) )
MORRISON; and GARY ENGEBRETSON. )
)
    Defendant. )
                             /

# 02-20886

## CIV-SEITZ

**MAGISTRATE JUDGE
GARBER**

NIGHT BOX
FILED

MAR 21 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## COMPLAINT

Plaintiff LA DOVE, INC. ("La Dove") for its direct and derivative complaint against TIGI LINEA, INC., a Texas corporation; TONI & GUY (USA) LIMITED, a Texas corporation; MASCOLO BROTHERS LIMITED, a U.K. corporation; MASCOLO PLC, a U.K. corporation; TIGI INTERNATIONAL LIMITED, a U.K. corporation; BRUNO MASCOLO; GAETANO MASCOLO; GIUSEPPI MASCOLO; ANTHONY MASCOLO; KYARA MASCOLO; JAMES MORRISON; and GARY ENGEBRETSON; states as follows:

## PRELIMINARY STATEMENT

1.    This litigation relates to Defendants intentional and repeated harmful conduct towards La Dove, Inc. Defendants have generally acted to destroy the viability of La Dove, Inc. through intentional, malicious, and negligent actions. Through this conduct, Defendants have breached their fiduciary duty, usurped corporate opportunities, and interfered with and breached an exclusive contract. These actions have caused damage to La Dove and TIGI Linea.



## ALLEGATIONS COMMON TO ALL COUNTS

### INTRODUCTION

2.     Defendants Mascolo Brothers Limited, Mascolo PLC, TIGI International Limited, Toni & Guy, U.S.A., Inc., Toni & Guy (USA) Limited, and TIGI Linea, Inc. form part of an international, vertically integrated family of companies (collectively the "Mascolo Corporations"). The Mascolo Corporations' business includes (1) operating hairstyling salons and hairstyle educational schools, (2) supplying hair care and beauty products, and (3) wholesaling hair care and beauty products. The Mascolo Corporations refer to their corporate set up as a "totally controlled vertical migration."

3.     Much of the Mascolo Brothers' success would have never happened but for La Dove's assistance.    In the 1980s, the Mascolo Brothers approached La Dove about manufacturing products under the TIGI/TIGI Linea name for the wholesale of hair care and beauty products. At the time, the Mascolo Brothers had little capital. La Dove agreed to contribute hundreds of thousands of dollars worth of product to become a 10% shareholder of, and exclusive supplier to, TIGI Linea. Since 1985, the Mascolo Brothers have built an empire of family-owned corporations that collectively achieve annual revenues of hundreds of millions of dollars.

4.     Plaintiff La Dove's lifeblood is its financial relationships with the Mascolo Corporations. Along with its 10% stake in TIGI Linea, La Dove is an exclusive supplier of hair care products to Toni & Guy International and one of several suppliers of hair care products to TIGI Linea.

5.     Defendants have acted in a way designed to damage and irreparably injure La Dove in each of these financial relationships with the Mascolo Corporations. Defendants have (1) misappropriated and wasted TIGI Linea's corporate assets; (2) usurped TIGI Linea's business opportunities by registering and assigning TIGI Linea's intellectual property to other Defendants; (3) oppressed La Dove's participation in TIGI Linea; (4) excluded La Dove from inspecting TIGI Linea's corporate records; (5) breached an Election of Directors agreement by

2

not voting in a TIGI Linea director nominated by La Dove; and (6) breached, interfered with, and engaged in anticipatory repudiation of La Dove's exclusive supplier contract with TIGI International Limited. If Defendants continue this conduct, La Dove will be irreparably injured and could potentially become insolvent. Preliminary and permanent relief is therefore necessary to prevent these injuries.

6.      Most members of the TIGI Linea Board of Directors are Defendants to this lawsuit for each individual derivative Count. Serving a demand on the TIGI Linea Board is futile.

## PARTIES

7.      Plaintiff La Dove, Inc. ("La Dove") is a Florida corporation with its principal place of business in Miami, Florida. La Dove manufactures hair care products. It is also a 10% shareholder of TIGI Linea, Inc. A majority of its revenues stem from the wholesale of products to salons and other suppliers. La Dove also sells hair care products to retail chains.

8.      Defendant Mascolo Brothers Limited ("Mascolo Limited") is incorporated in England. Its principal place of business in London. Mascolo Limited is the ultimate parent of the Mascolo Corporations and 100% shareholder of Mascolo PLC. The Defendants Bruno Mascolo, Gaetano Mascolo, Giuseppe Mascolo, and Anthony Mascolo (collectively the "Mascolo Brothers") own 100% of Mascolo Limited.

9.      Defendant Mascolo PLC is incorporated in England. Its principle place of business is in London. Mascolo PLC is a majority shareholder of Toni & Guy USA and the only shareholder of TIGI International Limited.

10.     Defendant Toni & Guy U.S.A., Inc. ("Toni & Guy USA") is a Texas corporation. Its principal place of business is in Carrollton, Texas. It operates salons across the United States, including in the State of Florida. Toni & Guy USA is a majority shareholder of TIGI Linea.

11.     Defendant Toni & Guy (USA) Limited ("Toni & Guy Limited") is incorporated in England. Its principal place of business is in Carrollton, Texas. It is the direct parent of Toni & Guy USA.

3

12.     Defendant TIGI Linea, Inc. ("TIGI Linea") is a Texas corporation, with its principal place of business in Carrollton, Texas. TIGI Linea is a close corporation. It markets and sells hair care products and accessories, skin care products, and cosmetics.

13.     Defendant TIGI International Limited ("TIGI International") is a company incorporated in England, with its principal place of business in London.

14.     Defendant Bruno Mascolo is domiciled in Texas. Bruno Mascolo serves on the Board of Directors for Defendants TIGI Linea, Toni & Guy USA, Toni & Guy Limited, Mascolo Limited, and Mascolo PLC. He is the President, Chief Executive Officer, Chief Operating Officer, Secretary and Treasurer of TIGI Linea. Bruno Mascolo also is the President and Chief Executive Officer of Toni & Guy USA.

15.     Defendant Gaetano ("Guy") Mascolo is domiciled in New York City. Guy Mascolo is the Chairman of the Board for both TIGI Linea, Toni & Guy Limited, and Toni & Guy USA. He is also on the Board of Directors for Mascolo Limited and Mascolo PLC.

16.     Defendant Giuseppe ("Toni") Mascolo is domiciled in London, England. He serves on the Board of Directors for both TIGI Linea, Toni & Guy Limited, and Toni & Guy USA. Toni Mascolo is the Managing Director of Mascolo Limited.

17.     Defendant Anthony Mascolo is domiciled in London, England. He serves on the Board of Directors for TIGI Linea, Toni & Guy USA, Toni & Guy Limited, Mascolo Limited, and TIGI International.

18.     Defendant James Morrison is domiciled in California. Mr. Morrison serves on the Board of Directors for both TIGI Linea, Toni & Guy Limited and Toni & Guy USA. He is also a Vice President of both TIGI Linea and Toni & Guy USA. Mr. Morrison is a shareholder of TIGI Linea. Mr. Morrison is also a shareholder of Toni & Guy USA.

19.     Defendant Kyara Mascolo is domiciled in Dallas, Texas. She serves on the Board of Directors for TIGI Linea. She is the wife of Defendant Bruno Mascolo.

20.     Defendant Gary Engebretson is domiciled in Dallas, Texas. He serves on the Board of Directors for TIGI Linea and is also its Vice President of Finance.

4

## JURISDICTION AND VENUE

21.     The parties are citizens of different states and the amount in controversy exceeds $75,000.  This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

22.     Defendants domiciled in the United States have sufficient contacts with the State of Florida to subject them to personal jurisdiction in the State.  Specifically, TIGI Linea recently had a shareholder's meeting in Miami, Florida, that each defendant director attended.  United Kingdom corporations Mascolo PLC and TIGI International are parties to an exclusive contract with La Dove (referenced herein) that confers jurisdiction and venue in the Southern District of Florida.

23.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a), (c), and (d).

## FACTS

### The Beginning of the La Dove-Mascolo Relationship

24.     In 1986 La Dove agreed to assist Toni & Guy USA in the development of hair care and beauty products under the TIGI and TIGI Linea names.  La Dove entered into several agreements with Toni & Guy USA, and TIGI Linea, including a Manufacturing and Consulting Agreement, a Buy-Sell and Share Transfer Registration Agreement, and a Subscription Agreement.

25.     As a result of these agreements, La Dove promised to help finance the project by supplying hundreds of thousands of dollars worth of product to TIGI Linea.  In consideration, Toni & Guy USA formed TIGI Linea and granted La Dove a 10% share of the company and an exclusive supplier contract.  La Dove assisted TIGI Linea's initial operations in many other respects.  For example, La Dove researched and developed new products for TIGI Linea and allowed TIGI Linea to use its warehouse and office facilities in the State of Florida.

26.     The Buy-Sell and Share Transfer Registration Agreement required Toni & Guy USA to vote in favor of one TIGI Linea director nominated by La Dove.  The applicable provision of this Agreement states:

5

> It is agreed and understood that so long as [La Dove] is a shareholder of the Corporation, is complying with the terms of this Agreement, the Subscription Agreement and the Manufacturing and Consulting Agreement all of even date herewith, and the Corporation is privately held, [Toni & Guy USA] will vote in favor of one (1) director properly nominated by [La Dove] pursuant to the Corporation By-laws.

From 1986 until 1998, Toni & Guy USA complied with this provision, voting for Larry La Dove as a member of the Board of Directors.

### Restrictions on TIGI Linea's Interested Director Transactions

27.   TIGI Linea's Articles of Incorporation provide:

> No contract or transaction entered into by the Corporation shall be affected by the fact that a director of the Corporation was personally interested in it, if, at the meeting of the Board of Directors making, authorizing or confirming such contract or transaction, and such contract or transaction is adopted or ratified by a majority of a quorum of directors present.

28.   TIGI Linea's By-Laws state that interested party transactions are only valid if:

1.   The material facts of the relationship or interested are such director, officer or shareholder are known or disclosed:

   (a)   To the Board of Directors and the Board of Directors nevertheless authorizes or ratifies the contract or transaction by a majority of the directors with the interested director to be counted in determining whether a quorum is present but not in calculating the majority necessary to carry the vote; or

   (b)   To the shareholders and they nevertheless authorize or ratify the contract or transaction by a majority of the shares present, each such interested person to be counted for the quorum and voting purposes;

2.   The contract or transaction is fair to the corporation as of the time it is authorized or ratified by the Board of Directors, a committee of the Board, or the Shareholders.

6

**TIGI Linea Engages In Interested Director Transactions**

29.    TIGI Linea has engaged in a pattern of behavior that has devalued its value and La Dove's interest in the company.  TIGI Linea's directors, officers, and shareholders routinely filter TIGI Linea assets through other Mascolo Corporations.  These actions are intended to ensure that La Dove does not receive its 10% share of the true assets of TIGI Linea.  Many of the transactions have been in violation of TIGI Linea's Articles of Incorporation, By-Laws, and state common law.

<u>Count I</u>

**BREACH OF FIDUCIARY DUTY OWED TO
TIGI LINEA AND ITS SHAREHOLDERS BY THE
MASCOLO CONSULTING AGREEMENT INTERESTED DIRECTORS**

30.    La Dove realleges and incorporates Paragraphs 1-29.

31.    When the company was formed in 1986, TIGI Linea signed a royalty contract with Toni & Guy Limited that gave TIGI Linea the right to market products under the TIGI and TIGI Linea trade names.  In exchange, Toni & Guy Limited received five-percent of TIGI Linea's annual revenues.  This contract, which was grossly higher than a reasonable royalty rate, continued until its termination on September 1, 1992.

32.    On that same date, TIGI Linea entered into a "Consultancy and License Agreement" with Mascolo Limited ("Mascolo Consulting Agreement").  This agreement requires TIGI Linea to pay five-percent of its annual revenues to Mascolo Limited.  This obligation continues today.  Upon information and belief, this agreement is unfair and is of no value to TIGI Linea.

33.    Defendants Bruno Mascolo, Guy Mascolo, Toni Mascolo, Anthony Mascolo, and Kyara Mascolo ("Mascolo Consulting Interested Directors") are interested directors, officers, or shareholders in the Mascolo Consulting Agreement.

34.    Upon information and belief, the Mascolo Consulting Agreement was never ratified by the requisite number of disinterested directors or shareholders.  The Mascolo

7

Consulting Agreement was unfair to TIGI Linea and its shareholders at the time of its commencement. It continues to be unfair to TIGI Linea and its shareholders today.

35.     By wastefully dissipating the corporate assets of TIGI Linea, Defendant Mascolo Consulting Interested Directors have also engaged in oppressive conduct towards its minority shareholders.

36.     TIGI Linea and its shareholders have been harmed by Defendant Mascolo Consulting Interested Directors. The Mascolo Consulting Interested Directors have wasted and misappropriated TIGI Linea's corporate assets and defrauded the company. The Mascolo Consulting Interested Directors have breached their duties of loyalty and obedience to TIGI Linea and its shareholders by acting for the benefit of Mascolo Limited to the detriment of TIGI Linea.

**Count II**

**BREACH OF THE FIDUCIARY DUTY OWED TO
TIGI LINEA AND ITS SHAREHOLDERS BY THE MASCOLO
CONSULTING AGREEMENT DISINTERESTED DIRECTORS**

37.     La Dove realleges and incorporates Paragraphs 1-36.

38.     Upon information and belief, Defendants James Morrison, and Gary Engebretson were disinterested directors to the Mascolo Consulting Agreement. These directors breached their duty of care by failing to follow proper care expected of a director. These defendants failed to engage in due diligence to determine whether the Mascolo Consulting Agreement would be fair to TIGI Linea. These defendants did not determine whether TIGI Linea needed this consulting work. These defendants also did not research other consulting options with disinterested companies. Upon information and belief, these defendants had no justification for ratifying the Mascolo Consulting Agreement.

## Count III

### BREACH OF FIDUCIARY DUTY OWED TO TIGI LINEA AND ITS SHAREHOLDERS BY THE MSC DISTRIBUTION INTERESTED DIRECTORS

39.     La Dove realleges and incorporates paragraphs 1-29.

40.     TIGI Linea has entered into an arrangement with Toni & Guy USA for the sale of TIGI Linea products to Toni & Guy USA salons.  TIGI Linea, which normally marks-up its products approximately 50% above costs, sells these same products to a Toni & Guy USA entity named "MSC" for approximately 5% above costs ("MSC Distribution").  These products are eventually sold in Toni & Guy USA salons to consumers for approximately the same price as in other salons.  This system causes profits to be filtered from TIGI Linea to Toni & Guy USA.

41.     Defendants Bruno Mascolo, Guy Mascolo, Toni Mascolo, Anthony Mascolo, James Morrison, and Kyara Mascolo ("MSC Interested Directors") are interested directors, officers, or shareholders in the MSC Distribution Agreement.

42.     Upon information and belief, the MSC Distribution Agreement was never ratified by the requisite number of disinterested directors or shareholders.  The MSC Distribution agreement was unfair to TIGI Linea and its shareholders at the time of its commencement.  It continues to be unfair to TIGI Linea and its shareholders today.

43.     By wastefully dissipating the corporate assets of TIGI Linea, Defendant MSC Interested Directors have also engaged in oppressive conduct towards its minority shareholders.

44.     TIGI Linea and its shareholders have been harmed by Defendant MSC Interested Directors.  The MSC Interested Directors have wasted and misappropriated TIGI Linea's corporate assets and defrauded the company.  The MSC Interested Directors have breached their duties of loyalty and obedience to TIGI Linea and its shareholders by acting for the benefit of Toni & Guy USA to the detriment of TIGI Linea.

9

**Count IV**

**BREACH OF FIDUCIARY DUTY OWED TO
TIGI LINEA AND ITS SHAREHOLDERS BY THE MSC
DISTRIBUTION AGREEMENT DISINTERESTED DIRECTORS**

45.     La Dove realleges and incorporates Paragraphs 1-29 and 39-44.

46.     Upon information and belief, James Morrison, and Gary Engebretson, were disinterested directors to the MSC Distribution Agreement.  These directors breached their duty of care by failing to exercise the proper care expected of a director.  These defendants failed to engage in due diligence to determine whether the pricing would be fair to TIGI Linea.  These defendants did not determine whether MSC was necessary.  Upon information and belief, these defendants had no justification for ratifying the MSC Distribution Agreement.

**Count V**

**BREACH OF FIDUCIARY DUTY OWED TO TIGI
LINEA AND ITS SHAREHOLDERS BY OFFICE AND WAREHOUSE LEASE
INTERESTED DIRECTORS**

47.     La Dove realleges and incorporates paragraphs 1-29.

48.     TIGI Linea, which operated at La Dove's Florida offices for the first part of its existence, moved into a Texas building in the 1990s.  Upon information and belief, its new facilities are owned by TIGI Linea shareholders.  These shareholders lease the office space to TIGI Linea at an unreasonable price.  In 1999, TIGI Linea leased its office and warehouse facilities for approximately $134,000.  In 2000, this figure rose to more than $300,000.  In 2001 and 2002, TIGI Linea will spend more than $300,000 per year on these office and warehouse facilities.

49.     Defendants Bruno Mascolo, Guy Mascolo, Toni Mascolo, Anthony Mascolo, James Morrison, and Kyara Mascolo ("Lease Interested Directors") are interested directors, officers, or shareholders in the office and warehouse lease.

50.     Upon information and belief, the office and warehouse lease was never ratified by a majority of disinterested directors or shareholders as required by Texas law and the bylaws of

TIGI Linea. The office and warehouse lease was unfair to TIGI Linea and its shareholders at the time of its commencement. It continues to be unfair to TIGI Linea and its shareholders today.

51. By wastefully dissipating the corporate assets of TIGI Linea, Defendant Mascolo Lease Interested Directors have also engaged in oppressive conduct towards its minority shareholders by acting for the benefit of Toni & Guy USA and Toni & Guy Limited to the detriment of TIGI Linea.

52. TIGI Linea and its shareholders have been harmed by Defendant Lease Interested Directors. The Lease Interested Directors have wasted and misappropriated TIGI Linea's corporate assets and defrauded the company. The Lease Interested Directors have breached their duties of loyalty and obedience to TIGI Linea and its shareholders.

<u>Count VI</u>

**BREACH OF FIDUCIARY DUTY OWED TO
TIGI LINEA AND ITS SHAREHOLDERS BY THE OFFICE
AND WAREHOUSE LEASE DISINTERESTED DIRECTORS**

53. La Dove realleges and incorporates Paragraphs 1-29 and 47-52.

54. Upon information and belief, Gary Engebretson was a disinterested director to the Office and Warehouse Lease Agreement. He breached his duty of care by failing to exercise the proper care expected of a director. Engebretson failed to engage in due diligence to determine whether the pricing would be fair to TIGI Linea. He did not determine whether other leases were available at better terms than those offered by Toni & Guy USA. Upon information and belief, these defendants had no justification for ratifying the Office and Warehouse Lease Agreement.

<u>Count VII</u>

**BREACH OF FIDUCIARY DUTY OWED TO TIGI LINEA AND
ITS SHAREHOLDERS BY TIGI INTERNATIONAL INTERESTED DIRECTORS**

55. La Dove realleges and incorporates paragraphs 1-29.

56. Many of TIGI Linea's assets are being used solely for the benefit of TIGI International. Upon information and belief, TIGI Linea is paying for installation of a video

conferencing unit in TIGI International's offices.  Further, TIGI Linea is using some of its cash flow to support TIGI International's launch of new Bed Head products in London.

57.     Defendants Bruno Mascolo, Guy Mascolo, Toni Mascolo, Anthony Mascolo, and Kyara Mascolo ("TIGI International Interested Directors") are interested directors, officers, and shareholders in the use of TIGI Linea's corporate assets for the sole benefit of TIGI International.

58.     Upon information and belief, the TIGI International's use of TIGI Linea's corporate assets was never ratified by the requisite number of disinterested directors or shareholders.  The use of these assets was unfair to TIGI Linea and its shareholders at the time of its commencement.  It continues to be unfair to TIGI Linea and its shareholders today.

59.     By wastefully dissipating the corporate assets of TIGI Linea, Defendant TIGI International Interested Directors have also engaged in oppressive conduct towards its minority shareholders.

60.     TIGI Linea and its shareholders have been harmed by Defendant TIGI International Interested Directors.  The TIGI International Interested Directors have wasted and misappropriated TIGI Linea's corporate assets and defrauded the company.   The TIGI International Interested Directors have breached their duties of loyalty and obedience to TIGI Linea and its shareholders by acting for the benefit of TIGI International to the detriment of TIGI Linea.

### Count VIII

### BREACH OF FIDUCIARY DUTY OWED TO TIGI LINEA AND ITS SHAREHOLDERS BY THE TIGI INTERNATIONAL DISINTERESTED DIRECTORS

61.     La Dove realleges and incorporates Paragraphs 1-29 and 55-60.

62.     Upon information and belief, James Morrison, and Gary Engebretson were disinterested directors to the TIGI International transactions.  These directors breached their duty of care by failing to exercise the proper care expected of a director.  These defendants failed to engage in due diligence to determine whether the transactions would be fair to TIGI Linea.

Upon information and belief, these defendants had no justification for ratifying TIGI International's use of TIGI Linea's corporate assets.

### Count IX

### BREACH OF FIDUCIARY DUTY OWED TO TIGI LINEA AND ITS SHAREHOLDERS WITH RESPECT TO TRADEMARKS

63.     La Dove realleges and incorporates paragraphs 1-29.

64.     Defendants Mascolo Limited, Mascolo PLC, Toni & Guy Limited, Bruno Mascolo, and Guy Mascolo ("Trademark Defendants") have engaged in a pattern of activity that has stripped TIGI Linea of virtually all of its intellectual property assets.

65.     Trademark Defendants breached their fiduciary duties owed to TIGI Linea by registering trademarks with the United States Patent and Trademark Office ("PTO") and assigning trademarks to other Mascolo shareholders and directors.  These trademarks are names and marks used by TIGI Linea on products developed, sold, and marketed exclusively by TIGI Linea.  The registrants and assignees have known TIGI Linea's use of, or intent to use, these names and marks on their products.  TIGI Linea has expended costs and good will in developing these products and brand names.

66.     This scheme has included over ninety names and marks covering nearly all of TIGI Linea's products.  The following names and marks have been filed with and/or registered by the PTO for use on TIGI Linea's extremely popular Bed Head hair care products, cosmetics, or accessories:

      a.     BED HEAD.  Bed Head is the brand name for the popular line of hair care and beauty products and accessories developed, marketed, and sold by TIGI Linea.

           i.     Registration # 2259985.  Mascolo Limited filed the mark with the PTO in 1997.  The PTO registered the trademark in July 1999.  Mascolo Limited assigned the rights to the trademark to Toni & Guy Limited in 2000.

          ii.     Registration # 2456838.  Mascolo Limited filed the mark for use with hair care, skin care, and makeup products with the PTO in

1999. The PTO registered the trademark in June 2001. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

iii.   Application # 75593992. Bruno and Guy Mascolo filed the mark with the PTO in 1998 for use with preparations for the hair. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

iv.   Application # 75593993. Bruno and Guy Mascolo filed the mark with the PTO in 1998 for use with preparations for the hair products. Bruno & Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

v.   Application # 75739147. Bruno and Guy Mascolo filed the name Bed Head for use with cosmetics with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to this registration to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to this registration to Toni & Guy Limited.

vi.   Application # 75822517. Mascolo Limited filed the mark for use in hair care, skin care, and cosmetic products in 1999. Mascolo Limited assigned the rights to the application to Toni & Guy Limited in 2000.

vii.   Application # 76036859. Mascolo Limited filed the mark for registration with the PTO in 2000 as an intent to use for hair dressing and beauty salon services.

viii.   Application # 76083918. Mascolo Limited filed the mark for registration with the PTO in 2000 as an intent to use with retail shops featuring hair care products and accessories, skin care products, and cosmetics that are developed, marketed, and sold by TIGI Linea.

b.   <u>CONTROL FREAK</u> (Registration # 2384194). Control Freak is the name of a hair straightener developed, manufactured, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Control Freak with the PTO in 1999. The PTO registered the trademark in September 2000. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

c.   <u>CREATIVE GENIUS</u> (Registration # 2395372). Creative Genius is the name of a sculpting liquid developed, marketed, and sold by TIGI Linea as

14

part of the Bed Head line. Bruno and Guy Mascolo filed the name Creative Genius with the PTO in 1999. The PTO registered the trademark in October 2000. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

d.    CYBEROPTICS (Registration # 2447467). Cyberoptics is the name of an eye shadow developed, marketed, and sold by TIGI Linea under the Bed Head makeup line. Bruno and Guy Mascolo filed the name Cyberoptics with the PTO in 1999. The PTO registered the trademark in May 2001. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

e.    DOMINATRIX POWDER (Registration # 2450605). Dominatrix Powder is the name of a makeup powder developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Dominatrix Powder with the PTO in 1999. The PTO registered the trademark in May 2001. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

f.    DUMB BLONDE (Application # 75920808). Dumb Blonde is the name of a shampoo and conditioner developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the name Dumb Blonde with the PTO in 2000. Mascolo Limited assigned the rights to the application to Toni & Guy Limited in 2000.

g.    EGO BOOST (Application # 75931199). Ego Boost is the name of a conditioner developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the name Ego Boost with the PTO in 2000. Mascolo Limited has assigned the rights to the trademark to Toni & Guy Limited.

h.    FAT FREE (Application # 75691046). Fat Free is the name of a makeup foundation developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Fat Free with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the trademark application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

i.    FATLIPS (Application # 75758562). Fatlip is the name of a lip liner developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Fatlip with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo

Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

j.      GIRL TOYS (Application # 75934895). Girl Toys is the name of a shine serum developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Upon information and belief, TIGI Linea is also developing and planning to launch Girl Toys as a line of hair care accessories. Mascolo Limited filed the name Girl Toys with the PTO in 2000.

k.      HEADBANGER (Application # 75919017). Upon information and belief, TIGI Linea is developing and preparing to launch an aerosol hair care product under the name Headbanger. Mascolo Limited filed the name Headbanger with the PTO in 2000. Mascolo Limited assigned the rights to the trademark application to Toni & Guy Limited in 2000.

l.      HARDHEAD (Registration # 2379615). Hard Head is the name of a hair spray developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the mark with the PTO in 1999. The PTO registered the trademark in August 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

m.      HEAD RUSH (Application # 76027630). Head Rush is the name of an aerosol hair care product developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the name Head Rush with the PTO in 2000.

n.      MAKE-OUT (Registration # 2429428). Make-Out is the name of a lip gloss developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Make-Out with the PTO in 1999. The PTO registered the trademark in February 2001. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

o.      MAKE-UP OF THE FUTURE (Application # 76211209). TIGI Linea uses the words "Make-Up Of The Future" on its makeup products that are part of the Bed Head line. Toni & Guy Limited filed the mark with the PTO in 2001.

p.      MANIPULATOR (Registration # 2388557). Manipulator is the name of a hair styling product developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Manipulator with the PTO in 1998. The PTO registered the trademark in September 2000. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

16

q.     MASTERMIND (Application # 76220603). Mastermind is the name of a hair putty developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Toni & Guy Limited filed the name Mastermind with the PTO in 2001.

r.     MAXXED-OUT. Maxxed-Out is the name of a hair spray developed, marketed, and sold by TIGI Linea as part of the Bed Head line. There are two trademark applications associated with this name.

      i.     Application # 75822637. Mascolo Limited filed the mark with the PTO in 1999.

      ii.    Application # 76243956. Toni & Guy Limited filed the mark with the PTO in 2001.

s.     MOISTURE MANIAC. Moisture Maniac is the name of a shampoo and conditioner developed, marketed, and sold by TIGI Linea as part of the Bed Head line. There are two trademarks associated with this product.

      i.     Registration # 2415555. Mascolo Limited filed the mark with the PTO in 1998. The PTO registered the trademark in December 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

      ii.    Registration # 2430267. Mascolo Limited filed the mark with the PTO in 1998. The PTO registered the trademark in 2001.

t.     PLAYER (Registration # 2395499). Player is the name of a blush, lipcolor, and eyeshadow developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Player with the PTO in 1999. The PTO registered the trademark in October 2000. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

u.     RUBBER RAGE (Application # 75931198). Rubber Rage is the name of a shine texturizer developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the name Rubber Rage with the PTO in 2000. Mascolo Limited assigned the rights to the trademark application to Toni & Guy Limited in 2000.

v.     SELF ABSORBED (Registration # 2413187). Self Absorbed is the name of a hair shampoo and conditioner developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Self Absorbed with the PTO in 1999. The PTO registered the

17

trademark in December 2000.   Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000.

w.   SHINE JUNKIE. Shine Junkie is the name of a hair polish developed, marketed, and sold by TIGI Linea as part of the Bed Head line.   There are two trademarks associated with this product.

i.   Application # 75722143. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the trademark application to Mascolo Limited in 2000.

ii.   Application # 76162864. Toni & Guy Limited filed the mark with the PTO in 2000.

x.   UPTIGHT (Application # 75739140). Uptight is the name of a curl maker developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Bruno and Guy Mascolo filed the name Uptight with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the trademark to Mascolo Limited in 2000.   Mascolo Limited has since assigned the rights to the trademark to Toni & Guy Limited.

y.   WIGGED OUT (Registration # 2401816).   Wigged Out is the name of mascara developed, marketed, and sold by TIGI Linea as part of the Bed Head line.   Bruno and Guy Mascolo filed the name Wigged Out with the PTO in 1999.   The PTO registered the trademark in November 2000. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000.   Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

z.   USER (Application # 75907134).   User is the name of a powder brush developed, marketed, and sold by TIGI Linea as part of the Bed Head line. Mascolo Limited filed the name User with the PTO in 2000.     Mascolo Limited assigned the trademark application to Toni & Guy Limited in 2000.

67.   The same conduct is occurring with TIGI Linea's other products.  For example:

a.   AFTER PARTY (Application # 75907129).     Upon information and belief, After Party is the name of a hair care preparations product developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name After Party with the PTO in 2000.  Mascolo Limited assigned the rights to the application to Toni & Guy Limited in 2000.

b.   BOY TOYS (Application # 75934896).   Upon information and belief, TIGI Linea intends to use the name Boys Toys on a line of men's hair care

and shaving products that it is developing. Mascolo Limited filed the name Boy Toys on March 2000.

c.   CAMERA READY.  Upon information and belief, TIGI Linea is developing and planning to launch Camera Ready as a line of hair care products. There are two trademarks that have been filed with the PTO related to these products.

    i.   Registration #2424437.  Bruno and Guy Mascolo filed this trademark in 1998. The PTO registered the mark in 2001.

    ii.  Registration # 2392094. Mascolo Limited filed this mark in 1998. The PTO registered the mark in October 2000. Mascolo Limited assigned the trademark to Bruno and Guy Mascolo in 2000.

d.   CAT FIGHT (Application # 76220604).  Upon information and belief, TIGI Linea is developing and planning to launch a line of hair and skin care products and accessories under the name Cat Fight. Toni & Guy Limited filed the name Cat Fight with the PTO in 2001.

e.   CATWALK (Application # 75483859).  Catwalk is the name of a line of hair care and cosmetic products and accessories developed, marketed, and sold by TIGI Linea. Mascolo Limited filed the name Catwalk with the PTO in 1998. The PTO registered the trademark in March 1999. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

f.   CLEAN SWEEP (Application # 75546515).  Upon information and belief, TIGI Linea is developing and planning to launch a line of skin care products under the name Clean Sweep. Mascolo Limited filed the name Clean Sweep with the PTO in 1998.

g.   CONTAGIOUS (Application # 76027631).  Upon information and belief, TIGI Linea intends to use the name Contagious on a line of hair and skin care products and accessories.  Mascolo Limited filed the name Contagious with the PTO in 2000.

h.   ENVIRO-FIXX (Registration # 1790056). Enviro-Fixx is the name of a hair gel developed, marketed, and sold by TIGI Linea.  TIGI Linea assigned the trademark Enviro-Fixx to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

i.   ENVIROSHAPE (Registration # 1968937). Enviroshape is the name of a hair spray developed, marketed, and sold by TIGI Linea. TIGI Linea assigned the trademark Enviroshape to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

j.  ESSENSUALS.  Essensuals is the name of a line of hair care and beauty products developed, marketed, and sold by TIGI Linea.  There are two trademarks applications and registrations associated with this line of products.

    i.  Registration # 2367309.  TIGI Linea assigned the trademark Essensuals to Toni & Guy Limited in 2000.

    ii.  Application # 76056032.  Toni & Guy Limited filed the mark with the PTO in 2000.

k.  EYE JOB (Registration # 2322411).  Eye Job is the name of an eye cream developed, marketed, and sold by TIGI Linea as part of its Unleashed line.  Mascolo Limited filed the name Eye Job with the PTO in 1998.  The PTO registered the trademark in February 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

l.  FACE-FIXX (Registration # 2187946).  Face-Fixx is the name of a makeup base developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name Face-Fixx with the PTO in 1997.  The PTO registered the trademark in September 1998.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

m.  FAST FIXX (Application # 75822646).  Fast Fixx is a hairspray and hair conditioner developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name Fast Fixx with the PTO in 1999.

n.  FEELS SO GOOD (Registration # 2350877).  Feel So Good is the name of a moisturizer developed, marketed, and sold by TIGI Linea as part of its Unleashed line.  Mascolo Limited filed the name Feels So Good with the PTO in 1998.  The PTO registered the trademark in May 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

o.  GET READY.  (Registration # 2392252).  Get Ready is the name of a soothing toner developed, marketed, and sold by TIGI Linea.  Bruno and Guy Mascolo filed Get Ready with the PTO in 1999.  The PTO registered the trademark in October 2000.  Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000.  Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

p.  HAPPY HOUR.  (Registration # 2317261).  Happy Hour is the name of lipstick developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed Happy Hour with the PTO in 1999.  The PTO registered the mark in February 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

q.   HARDCORE.  Hardcore is the name of a line of more than forty hair care accessories developed, marketed, and sold by TIGI Linea.  La Dove created the name Hardcore for use with hair care products and accessories and presented it to TIGI International.  There are three trademark applications associated with these products.

   i.   Application # 75748622.  Bruno and Guy Mascolo filed the mark with the PTO in 1999 for use with hair care products, cosmetics, and skin care products.

   ii.   Application # 76118534.  Bruno and Guy Mascolo filed the mark with the PTO in 2000 for use with hair care products, cosmetics, and skin care products.

   iii.   Application # 76118535.  Bruno and Guy Mascolo filed the mark with the PTO in 2000 for use with hair accessories.

r.   INSTANT GRATIFICATION  (Registration # 2312391).   Instant Gratification is the name of a skin care product developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name Instant Gratification with the PTO in 1997.  The PTO registered the trademark in January 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

s.   JOYSTICKS (Registration # 2160703).  Joy Stick is the name of a lipstick pencil developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name Joysticks with the PTO in 1997.  The PTO registered the trademark in May 1998.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

t.   MUSIC FOR YOUR SKIN (Application # 76211211).  The words Music For Your Skin are used on TIGI Linea's Unleashed skin care products, which are developed, marketed, and sold by TIGI Linea.  Toni & Guy Limited filed the words Music For Your Skin with the PTO in 2001.

u.   PASTELLO (Application # 76225347).  Upon information and belief, TIGI Linea is developing and preparing to launch a line of hair care products, cosmetics, and chemical and color treatment products under the name Pastello.  Bruno Mascolo filed the name Pastello with the PTO in 2001.

v.   POWERFUL * BEAUTIFUL * EXCELLENT (Application # 76211213).  The words Powerful * Beautiful * Excellent are used on the Hardcore line of hair care accessories, which are developed, marketed, and sold by TIGI Linea.  Toni & Guy Limited filed the words Powerful * Beautiful * Excellent with the PTO earlier in 2001.

21

w.   POWER TOOLS (Application # 76184674).  Power Tools is the name of a brow pencil and brow gel developed, marketed, and sold by TIGI Linea. Toni & Guy Limited filed the name Power Tools with the PTO in 2000.

x.   POWER TRIP.  Power Trip is the name of a hair gel developed, marketed, and sold by TIGI Linea.  There are two trademarks associated with this product.

   i.   Registration # 2379616.  Mascolo Limited filed the name Power Trip with the PTO in 1999.  The PTO registered the trademark in August 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

   ii.   Registration # 2457732.  Mascolo Limited filed the name Power Trip with the PTO in 1998.  The PTO registered the trademark in June 2001.

y.   REAL PEOPLE REAL PRODUCT REAL LIFE (Application # 76211212).  Upon information and belief, TIGI Linea intends to use the mark on products and accessories it is developing.  Toni & Guy Limited filed the mark as an intent to use with the PTO in 2001.

z.   SELVAGGIO.  Upon information and belief, TIGI Linea intends to use the mark on a line of products it is developing.  There are two trademarks applications related to this line.

   i.   Application # 76225346.  Bruno Mascolo filed the mark with the PTO in 2001.
   ii.   Application # 76225348.  Bruno Mascolo filed the mark as an intent to use with the PTO in 2001.

aa.   SEX WAND (Registration # 2358597).  Sex Wand is the name of a lipstick developed, marketed, and sold by TIGI Linea.  Mascolo Limited filed the name Sex Wand with the PTO in 1998.  The PTO registered the trademark in June 2000.  Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

bb.   SEXED-UP (Application # 76027629).  Sexed-Up is the name of a shampoo, conditioner, and toner developed, marketed, and sold by TIGI Linea under the Catwalk line.  Mascolo Limited filed the name Sexed-Up with the PTO in 2000.  Mascolo Limited assigned the rights to the trademark registration to Toni & Guy Limited in 2000.

cc.   SOFTWARE (Application # 75758573).  Upon information and belief, Software is the name of hair and skin care and cosmetic products

developed, marketed, and sold by TIGI Linea. Bruno and Guy Mascolo filed the name Software with the PTO in 1999.

dd.   SPLURGE (Registration # 2395688). Upon information and belief, Splurge is the name of cosmetic products developed, marketed, and sold by TIGI Linea. Mascolo Limited filed the name Splurge with the PTO in 1999. The PTO registered the trademark in October 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

ee.   SPOT PATROL (Registration # 2469543). Spot Patrol is the name of an acne treatment product developed, marketed, and sold by TIGI Linea. Mascolo Limited filed the name Spot Patrol with the PTO in 2000. The PTO registered the trademark in July 2001. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

ff.   STAIRWAY TO HEAVEN (Registration # 76184672). Stairway to Heaven is the name of a skin lotion developed, marketed, and sold by TIGI Linea. Toni & Guy Limited filed the name Stairway to Heaven with the PTO in 2000.

gg.   SUPER STAR (Application # 76036860). Upon information and belief, TIGI Linea intends to use the name Super Star on hair care products it develops, markets, and produces. Mascolo Limited filed the name Super Star with the PTO in 2000.

hh.   SWIPE (Registration # 2162228). Swipe is the name of a makeup foundation developed, marketed, and sold by TIGI Linea. Mascolo Limited filed the name Swipe with the PTO in 1997. The PTO registered the trademark in June 1998. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

ii.   T&G (Application # 76213135). Upon information and belief, TIGI Linea is developing and preparing to launch a line of hair care and cosmetic products under the name T&G. Toni & Guy Limited filed the mark with the PTO in 2001.

jj.   TAKE IT EASY (Registration # 2484207). Take It Easy is the name of an eye makeup remover developed, manufactured, and sold by TIGI Linea as part of its Unleashed line. Bruno and Guy Mascolo filed the mark with the PTO in 1999. The PTO registered the trademark in September 2001. Bruno and Guy Mascolo assigned the trademark to Mascolo Limited in 2000. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

kk.   TIGI. There are two trademarks for the word "TIGI" that are used on goods developed, manufactured, and sold by TIGI Linea.

23

i.      Registration # 1633639. Mascolo PLC filed this trademark for registration in 1987. The PTO registered the trademark in February 1991. Mascolo PLC assigned the trademark to Mascolo Limited in 1993. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

ii.     Registration # 1732367. Mascolo PLC filed this trademark for registration in 1991. The PTO registered the trademark in November 1992. Mascolo PLC assigned the trademark to Mascolo Limited in 1993. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

ll.     TIGI HAIRCARE (Registration # 2143581). TIGI Linea develops, markets, and sells hair care products under the TIGI name. Mascolo Limited filed the mark with the PTO in 1996. The PTO registered the trademark in March 1998. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

mm     TIGIHAIRCARE.COM. There are five trademark applications associated with TIGIHAIRCARE.COM.

i.      Application # 75739139. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

ii.     Application # 75739143. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

iii.    Application # 75739145. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

iv.    Application # 75739149. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

v.     Application # 75739275. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 2000. Mascolo Limited has since assigned the rights to Toni & Guy Limited.

nn. **TIGI LINEA**. There are three trademarks for the words "TIGI Linea" that are used on goods developed, manufactured, and sold by TIGI Linea.

    i. Registration # 1589603. Mascolo PLC filed this mark with the PTO in 1988. The PTO registered the trademark in April 1990. Mascolo PLC assigned the trademark to Mascolo Limited in 1993. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

    ii. Registration # 1629733. Mascolo PLC filed this trademark with the PTO in 1988. The PTO registered the trademark in January 1991. Mascolo PLC assigned this trademark to Mascolo Limited in 1993. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

    iii. Registration # 1732368. Mascolo PLC filed this trademark with the PTO in 1992. Mascolo PLC assigned the trademark to Mascolo Limited. Mascolo Limited has since assigned the trademark to Toni & Guy Limited.

oo. **TIGI SKINCARE** (Registration # 2234188). TIGI Linea develops, markets, and sells skin care products under the TIGI name. Mascolo Limited filed the name TIGI Skincare with the PTO in 1998. The PTO registered the trademark in March 1999. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

pp. **TREAT ME RIGHT**. Treat Me Right is the name of a moisture mask developed, marketed, and sold by TIGI Linea. There are three trademark applications associated with this product.

    i. Application # 75516071. Mascolo Limited filed the mark with the PTO in 1998.

    ii. Application # 75637207. Bruno and Guy Mascolo filed the mark with the PTO in 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited in 1999. Mascolo Limited assigned the rights to Toni & Guy Limited in 2000.

    iii. Application # 76243871. Toni & Guy Limited filed the mark with the PTO in April 2001.

qq. **TURN BACK TIME** (Registration # 2352725). Turn Back Time is the name of line control serum developed, marketed, and sold by TIGI Linea. Mascolo Limited filed the name Turn Back Time with the PTO in 1998.

The PTO registered the trademark in May 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

rr.   UNLEASHED. Unleashed is a line of skin care products developed, marketed, and sold by TIGI Linea. There are two trademark applications and registrations associated with the Unleashed line of products.

    i.   Registration# 2413427. Mascolo Limited filed the mark with the PTO in 1998. The PTO registered the trademark in 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

    ii.   Application # 75666373. Bruno and Guy Mascolo filed the mark for use with skin care products on March 23, 1999. Bruno and Guy Mascolo assigned the rights to the application to Mascolo Limited on January 28, 2000. On August 11, 2000, Mascolo Limited assigned the rights to Toni & Guy Limited.

ss.   WARNING: YOU MUST HAVE A SENSE OF HUMOR TO USE OUR PRODUCTS (Application # 76211210). TIGI Linea uses this mark on its entire line of products. Toni & Guy Limited filed the mark with the PTO in 2001.

tt.   WONDERFUL TONIGHT (Registration # 2392093). Wonderful Tonight is the name of a skin cream developed, marketed, and sold by TIGI Linea as part of its Unleashed line. Mascolo Limited filed the name Wonderful Tonight with the PTO in 1998. The PTO registered the mark in October 2000. Mascolo Limited assigned the trademark to Toni & Guy Limited in 2000.

68.   TIGI Linea had an expectation that this intellectual property would be an asset of TIGI Linea. TIGI Linea was never offered the opportunity to maintain these trademarks as its own.

69.   Trademark Defendants misappropriated TIGI Linea's intellectual property by applying the names and marks used on TIGI Linea products with the PTO.

70.   By wastefully dissipating the corporate assets of TIGI Linea and maliciously lowering the value of stock, Defendant Mascolo Consulting Interested Directors have defrauded TIGI Linea and have engaged in oppressive conduct towards its minority shareholders.

71.   Trademark Defendants breached their duties of loyalty and obedience owed to TIGI Linea and its shareholders.

## Count X

### MISAPPROPRIATION OF CORPORATE ASSETS

72.     La Dove realleges and incorporates paragraphs 1-29.

73.     Upon information and belief, Defendants Bruno Mascolo, Guy Mascolo, and Kyara Mascolo have misappropriated and misused TIGI Linea's corporate assets and funds by knowingly submitting false and fraudulent expense reports to TIGI Linea.

74.     Upon information and belief, Bruno Mascolo, Guy Mascolo, and Kyara Mascolo have knowingly used TIGI Linea's assets and funds for personal use, such as vacations, entertainment, and meals.

75.     These expenditures are not intended to, and do not, benefit TIGI Linea.

### Count XI

### CONSPIRACY TO DEFRAUD TIGI LINEA, MISAPPROPRIATE ITS ASSETS, AND USURP ITS OPPORTUNITIES

76.     La Dove realleges and incorporates paragraphs 1-75.

77.     Upon information and belief, Defendants Mascolo Brothers Limited, Mascolo PLC, Toni & Guy USA, Toni & Guy Limited, Bruno Mascolo, Guy Mascolo, James Morrison, and Kyara Mascolo ("Conspiracy Defendants") conspired with the objective of defrauding TIGI Linea and its minority shareholders of TIGI Linea's corporate assets and true value, misappropriating TIGI Linea's corporate assets, and usurping TIGI Linea's corporate opportunities.

78.     Upon information and belief, Defendants have had meetings with entities interested in purchasing TIGI Linea or certain TIGI Linea lines of products.  If such purchase were to be completed, TIGI Linea would not be sold for true value.  Instead, Conspiracy Defendants would gain to the detriment of TIGI Linea and La Dove from the lease, assignment, transfer, or sale of property and assets now in the possession of Conspiracy Defendants.

79.     TIGI Linea has suffered and will continue to suffer harm as a proximate result of the unlawful actions by Conspiracy Defendants.

### Count XII

### Breach of Fiduciary Duty Owed by Majority Shareholders to La Dove

80.    La Dove realleges and incorporates paragraph 1-29.

81.    Toni & Guy USA is the majority of shareholder of TIGI Linea.  Toni & Guy USA owe a fiduciary duty to La Dove, as a minority shareholder of TIGI Linea.  Toni & Guy USA breached this fiduciary duty to La Dove by freezing La Dove out of meaningful participation in TIGI Linea with no legitimate business purpose.

82.    La Dove participated in TIGI Linea through Larry La Dove, its president and CEO from the 1970s until his retirement in 2000.  He was Plaintiff La Dove's nominee to serve on TIGI Linea's Board of Directors from 1986 until 1998.  Mr. La Dove also served as TIGI Linea's Vice President and Executive Vice President from 1986 until 1998.

83.    In early 1998, Mr. La Dove communicated to Bruno Mascolo Plaintiff's La Dove's protest to the behavior related to TIGI Linea's assets, the interested party transactions, and the registration and assignment of one of TIGI Linea's trademarks.

84.    As a result of La Dove's protest, TIGI Linea began to strip away La Dove's involvement with the company.

85.    With no legitimate business purpose, Toni & Guy USA has cut-off La Dove's access to shareholder information and supplier meetings.  It has drastically diminished La Dove's revenues as a supplier to TIGI Linea.  Further, Toni & Guy USA breached its agreement with La Dove by not voting in a director nominated by La Dove.

### TIGI Linea Extends, Then Ends Exclusive Supplier Contract with La Dove

86.    On September 1, 1990, TIGI Linea and La Dove extended the exclusive supplier agreement until November 30, 2000.

87.    In 1998, La Dove came to TIGI Linea with the idea for a new line of hair care products, featuring brightly-colored products.  TIGI Linea eventually marketed similar products under the name "Bed Head."

28

88.    TIGI Linea launched Bed Head in 1998.  Today, Bed Head is one of the most successful and sought after brands of hair care and beauty products.  TIGI Linea sells approximately twenty-four different types of Bed Head hair care products and more than forty hair care accessory products.  These sales are consummated almost exclusively through salons and beauty product retailers.

89.    La Dove created, developed and submitted specific product samples and names for new hair care products to TIGI Linea.  La Dove did not charge TIGI Linea for the research and development that went into any product.  La Dove understood that its research and development costs would be recuperated when it eventually supplied the products to TIGI Linea for mass production.  However, La Dove discovered that after it created the products, TIGI Linea submitted them to other hair care product manufacturers.  TIGI Linea then used these manufacturers of hair care products in place of La Dove to produce these products.

90.    On some occasions Defendants would attempt to register as trademarks product names that La Dove submitted to TIGI Linea or TIGI International.  For example:

a.    La Dove presented TIGI International with a line of hair care products with brightly colored packaging called "Contagious."  With knowledge of La Dove's presentation, Mascolo Limited filed an application with the PTO as an intent to use trademark.

b.    La Dove presented a line of hair care products to TIGI International called "Hardcore."  With knowledge of La Dove's presentation, Bruno and Guy Mascolo filed three trademark application for the name "Hardcore."

**TIGI Linea Severely Cuts Back Use of La Dove as a Supplier**

91.    Since 1999, TIGI Linea has continually decreased its use of La Dove as a supplier.  In 2001, La Dove will only generate approximately a few hundred thousand dollars in revenue from supplying product to TIGI Linea.  Although La Dove is capable of producing most Bed Head products, it does not supply any of these products to TIGI Linea.  TIGI Linea instead uses a third-party supplier.

92.    In 2001, TIGI Linea refused to allow La Dove to participate in a supplier's meeting.

**La Dove's Nominee is Voted Out As Director of TIGI Linea**

93.    In its 1998 annual meeting, TIGI Linea shareholders voted out Larry La Dove as a director. This occurred without any justification or cause. Since that time, Toni & Guy USA has not voted for a director nominated by La Dove as required by the Buy-Sell and Share Transfer Registration Agreement.

**TIGI Linea Restricts La Dove's Shareholder Access**

94.    Since 1999, La Dove has not been allowed access to many TIGI Linea corporate books and records. It annually receives less financial information about TIGI Linea than the previous year.

95.    La Dove became shareholders of TIGI Linea with an expectation of participating in TIGI Linea's Board of Directors and continuing as a major supplier. Through these oppressive actions, Toni & Guy USA has frustrated La Dove's purpose in becoming 10% shareholders of TIGI Linea.

96.    Toni & Guy USA's malicious actions were intended to, and did in fact, prevent dividends of their true worth and lower the value of La Dove's stock. Toni & Guy USA, through this oppressive conduct, has indicated a purpose to force La Dove to sell its shares for much less than its true value.

### Count XII

#### BREACH OF THE BUY-SELL AND SHARE TRANSFER REGISTRATION AGREEMENT

97.    La Dove realleges and incorporates paragraphs 1-29, 80-96.

98.    The Buy-Sell and Share Transfer Registration Agreement was a valid and binding shareholder agreement between La Dove and Toni & Guy USA requiring Toni & Guy USA to vote in favor of one TIGI Linea director nominated by La Dove in exchange for the supply of hundreds of thousands of La Dove's product.

99.    La Dove has fully performed its obligation under the Buy-Sell and Share Transfer Agreement.

100.    Toni & Guy USA has breached the Buy-Sell and Share Transfer Agreement because it has failed to vote in favor of a TIGI Linea director nominated by La Dove since 1998.

101.    Toni & Guy USA's oppressive actions are designed to force La Dove to sell its shares of TIGI Linea for much less than its true value.

### Count XIII

### VIOLATION OF TEXAS BUS. CORP. ACT ART. 2.44

102.    La Dove realleges and incorporates paragraphs 1-29.

103.    La Dove, as a 10% shareholder, has the right to inspect TIGI Linea's corporate books and records. La Dove seeks to inspect TIGI Linea's corporate books and records for the proper purpose of ensuring that its interest in TIGI Linea is protected.

104.    TIGI Linea has refused all of La Dove's demands for access to these books and records since 1999.

### ADDITIONAL FACTS COMMON TO COUNTS XIV-XVII

105.    In 1990, Mascolo PLC approached La Dove for assistance in forming a similar corporation to TIGI Linea in England. Through a Manufacturing and Consulting Agreement, La Dove agreed to supply the newly-formed TIGI International with hundreds of thousands of dollars worth of product in exchange for seven-percent share of the corporation and an exclusive supplier agreement.

106.    In 1997, La Dove and TIGI International agreed to terminate the Manufacturing and Consulting Agreement by entering into an Exclusive Supply Agreement. By the latter contract's terms, La Dove agreed to sell its seven-percent share of TIGI International in exchange for a promise that it would be the exclusive supplier of TIGI International for certain existing and new products. The Exclusive Supply Agreement further guaranteed La Dove at least $2,000,000 worth of purchases.

107.   The Exclusive Supply Agreement is a valid, binding agreement between La Dove and TIGI International.

108.   La Dove, including all officers and employees of La Dove, has performed its obligations under this Exclusive Supply Agreement.

109.   Mascolo PLC was a guarantor under the TIGI International Exclusive Supply contract. It made and delivered the guarantee as a party to this contract

110.   To date, La Dove supplies TIGI International with eight Bed Head products as well as other hair care products. The last few years, La Dove has generated between $7-9 million in revenue through this Agreement. TIGI International is planning on launching ten more Bed Head products, approximately eight of which will fall under the Exclusive Supply Agreement. La Dove has the capacity and the ability to produce these additional products.

111.   Upon information and belief, Bruno and Guy Mascolo recently agreed to trade Toni shares of another Mascolo Corporation in exchange for more shares of TIGI International.

112.   Bruno and Guy Mascolo will have controlling interest in TIGI International when the exchange of stock is consummated. They have informed La Dove that they have no plans to abide by the terms of the Exclusive Supply Agreement between La Dove and TIGI International.

<u>Count XIV</u>

**ANTICIPATORY REPUDIATION OF EXCLUSIVE SUPPLIER CONTRACT**

113.   La Dove realleges and incorporates paragraphs 1-29, 105-112.

114.   Because Bruno and Guy Mascolo have informed La Dove that TIGI International unequivocally refuses to perform a material and substantial part of the Exclusive Supply Agreement between La Dove and TIGI International, TIGI International has caused an anticipatory repudiation of the Exclusive Supply Agreement.

<u>Count XV</u>

**BREACH OF EXCLUSIVE SUPPLIER CONTRACT**

115.   La Dove realleges and incorporates paragraphs 1-29, 105-112.

116.   TIGI International has breached the Exclusive Supply Agreement by placing orders with TIGI Linea for the supply of Bed Head products that La Dove is fully capable and able to produce.

117.   By knowingly breaching this Exclusive Supply Agreement, TIGI International has also breached its obligation of good faith.

118.   As a proximate result of the wrongful actions of the Defendants, La Dove has suffered damages.

<strong>Count XVI</strong>

<strong>BREACH OF GUARANTEE BY MASCOLO PLC</strong>

119.   La Dove realleges and incorporates paragraphs 1-29, 105-118.

120.   Mascolo PLC was a guarantor under the TIGI International Exclusive Supply contract. It made and delivered the guarantee as a party to this contract.

121.   La Dove has given notice to Mascolo PLC of TIGI International's breach and anticipatory repudiation of the Exclusive Supply contract.

122.   La Dove has demanded that TIGI International perform its obligations under the Exclusive Supply contract with respect to the breach and anticipatory repudiation. La Dove has also demanded payment for the breach and anticipatory repudiation by Mascolo PLC. Neither TIGI International nor Mascolo PLC has conformed with these requests.

<strong>Count XVII</strong>

<strong>TORTIOUS INTERFERENCE WITH EXCLUSIVE SUPPLY AGREEMENT</strong>

123.   La Dove realleges and incorporates paragraphs 1-29 and 105-122.

124.   TIGI Linea tortiously interfered with the Exclusive Supply Agreement between TIGI International and La Dove.

125.   TIGI Linea's interference with the Exclusive Supply Agreement has been intentional and malicious. TIGI Linea is aware that La Dove has an Exclusive Supply

Agreement with TIGI International.  TIGI Linea is also aware that by supplying TIGI International with products, it is causing TIGI International to breach this agreement.

     126.    TIGI Linea's interference with the Exclusive Supply Agreement is intentional and unjustified.  TIGI Linea's interference is causing damage to La Dove

## **Prayer for Relief**

     127.    As a result of Defendants actions, La Dove requests that this Court:

    a.    Award compensatory and punitive damages, attorneys fees and costs;

    b.    Invalidate all Defendants' interested director, officer, or shareholder transactions involving TIGI Linea;

    c.    Enjoin TIGI Linea from entering into any interested director, officer, or shareholder transactions with Defendants;

    d.    Appoint a receiver for TIGI Linea;

    e.    Direct TIGI Linea to accept a director nominated by La Dove to immediately serve on the Board or;

    f.    Grant La Dove the right to inspect all corporate books and records;

    g.    Enjoin TIGI International from using any supplier other than La Dove for products that fall under the Exclusive Supply Agreement;

    h.    Enjoin any Mascolo Corporation from supplying hair care products to TIGI International, either directly or indirectly;

    i.    Require Defendants to assign to TIGI Linea its rights to trademarks listed herein as well as other marks properly owned by TIGI Linea;

    j.    Enjoin Defendants from procuring trademarks that relate to TIGI Linea goods or services;

    k.    Award other relief that this court deems equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully Submitted,

David Coulson
Florida Bar No. 0176333
Barry Rothberg
Florida Bar No. 0160873
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131-3224
Telephone:    305-579-0500
Facsimile:    305-579-0717
coulson@gtlaw.com

Of Counsel

Reed Oslan
Brandon Fox
Colby A. Kingsbury
KIRKLAND & ELLIS
200 East Randolph
Chicago, Illinois 60601
Telephone:    312-861-2000
Facsimile:    312-861-2200

*Attorneys for Plaintiff*
*La Dove, Inc.*

# CIVIL COVER SHEET

**02 - 20886**

The JS-44 Civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1(a) PLAINTIFFS**

LaDove, Inc., a Florida corporation,

**DEFENDANTS** CIV-SEITZ

TIGI LINEA, INC., a Texas corporation; TONI & GUY U.S.A., Inc., a Texas corporation; TONI & GUY (USA) LIMITED, a U.K. corporation; MASCOLO BROTHERS LIMITED, a U.K. corporation; MASCOLO PLC, a U.K. corporation; TIGI INTERNATIONAL LIMITED, a U.K.Corporation; BRUNO MASCOLO; GAETANO MASCOLO; GIUSEPPI MASCOLO; ANTHONY MASCOLO; KYARA MASCOLO; JAMES MORRISON; and GARY ENGEBRETSON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

BK 03-21-02 0 A00E02cw 20886 / Sei tz/66 by

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David A. Coulson, Esq.
Barry L. Rothberg, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500

Reed Oslan, Esq.
Brandon Fox, Esq.
Colby A. Kingsbury
KIRKLAND & ELLIS
200 East Randolph
Chicago, Illinois 60601
Telephone (312) 861-2000

ATTORNEYS (IF KNOWN) MAGISTRATE JUDGE GARBER

NIGHT BOX FILED

MAR 21 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | |
|---|---|---|---|---|
| | | PTF DEF | | PTF DEF |
| ☐ 1. U.S. Government Plaintiff ☐ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 ☐ 4 |
| ☒ 2. U.S. Government Defendant ☒ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| | Citizen or Subject of a Foreign Country | ☐ 3 ☒ 3 | Foreign Nation | ☐ 6 ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of Contract of Fiduciary Duty, Misappropriation of Corporate Assets, Conspiracy to Defraud and Misappropriate Corporate Assets; Anticipatory Repudiation, Breach of Contract, Breach of Guarantee, and Tortious Interference

**IVa.** _15_ Days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | TORTS | | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| | **PERSONAL INJURY** | **B FORFEITURE PENALTY** | | |
| ☐ 110 Insurance | ☐ 362 Personal Injury-Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 310 Airplane | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☒ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employer's Liability | ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 340 Marine | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety-Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Main Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | **B PRISONER PETITIONS** | **A LABOR** | ☐ 861 HIA (1395(f) | ☐ 875 Customer Challenge 12USC3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 530 General* | ☐ 720 Labor Management Relations B | ☐ 863 DWC/DIWW 405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 535 Death Penalty | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 540 Mandamus & Other* | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 550 Civil Rights *A or B | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease and Ejectment | ☐ 443 Housing/Accommodations | | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding ☐ 2. Removed From State Court ☐ 3. Remanded from Appellate Court ☐ 4 Refiled ☐ 5. Transferred from another district (Specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ CLASS ACTION under F.R.C.P. 23
DEMAND In Excess of $75,000 ☒
Check YES only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions:)
JUDGE _____ DOCKET NUMBER _____

DATE 3-21-02
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
FOR OFFICE USE ONLY: RECEIPT NO. 055546 Amount: 150.00
Date Paid: M/ifp:
03/22/02